UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALBERT RADSPIELER                                              No. 20-cv-00777

       Plaintiff,                                        JUDGE JALA Y. JARBOU
                                                   JUDGE MAGISTRATE RAY KENT
Vs

CITY OF OTSEGO, MICHIGAN;
CITY OF OTSEGO POLICE DEPARTMENT,
BRANDON WEBER, individually and in his
official capacity, and, GORDON KONKLE,
individually and in his official capacity,

       Defendants.
_____/

**<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY
TO DEFENDANTS' RESPONSE TO
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

Plaintiff Albert Radspieler seeks leave to file a Reply to Defendants' Response to Radspieler's Motion for Leave to File First Amended Complaint. Radspieler's reply will contain decisive factual and legal points without which this Court cannot render an accurate and just decision on the motion to amend complaint.

More important, Defendants' arguments opposing the First Amended Complaint (FAC) are about allegations that were present in original Complaint which Defendants did not challenge via a motion to dismiss. If the Defendants had

raised those arguments in a motion to dismiss, Radspieler would have had an opportunity to respond. But since the Defendants have raised the arguments in their Response to the Motion to Amend Complaint, Radspieler will not be able to respond unless this Court grants leave to file a reply brief.

The decisive points which Radspieler seeks to present in his reply brief include, but are not limited to the following:

1.     In their response to the Motion to Amend Complaint, Defendants arge that Michigan Codified Laws sub-section 257.627(2)(e) serves as authority for the 25 mile per hour speed limit posted on River Street where Officer Weber stopped Radspieler for speeding. But the state legislature added to that section effective June 25, 2019. Therefore, that sub-section did not exist on August 19, 2017 when Radspieler was illegally stopped by Officer Weber for violating an alleged 25 mile per hour speed limit.

2.     The failure of the City to legitimize the 25 mile per hour speed limit with a traffic control order caused the Fourth Amendment violation of stopping Radspieler without probable cause. The offending act was not just the failure to promulgate a traffic control order; it was also the act of posting a 25 mile per hour speed limit sign which was invalid because no traffic control order legitimized it. But for that speed limit sign, Officer Weber would not have stopped Radspieler for going over 25 miles per hour on River Street, because Weber would have had no

2

reason to believe Radspieler was speeding.  Weber would not have stopped Radspieler, because, without a valid speed limit, the statutory basic speed law applied and Radspieler was not travelling at an unsafe speed to violate that basic speed law.

3. Radspieler is not suing Weber and the City for violation of a state law. The Defendants erection of an illegal speed limit sign led to a stop without probable cause in violation of the Fourth Amendment.  Because Radspieler was not speeding, the stop violated the Fourth Amendment.

4. Both of Weber's prior acts of misconduct involved verbal aggression against civilians that allowed Weber to believe he could assault Radspieler with impunity.

5. Defendants argue that Property Assessor Harris did not discriminatorily inflate the tax assessment value of the property on Platt Street after Radspieler bought it.  Defendants argue that the purchase price was $29,000.00 and the tax assessment after Radspieler's purchase was initially for $27,000.00 and then raised to $29,200.00.  But Defendants are comparing apples (the purchase price) to oranges (the assessed value for tax purposes.)  The assessed value is the **State Equalized Value (SEV)** which is considered by the assessor to be one half (1/2) of the property's true cash value.  Therefore, Assessor Harris raising of the SEV from $20,000.00 (before Radspieler's purchase) to $29,200.00

3

(after his purchase) means Harris raised his estimate of the value of the property from $40,000.00 to $58,400.00 after the purchase. That was a significant unjustified increase for property with a house in an uninhabitable condition.

6. Both the Complaint and the FAC support a claim for relief for a violation of equal protection of the laws under the 14th Amendment. The FAC does not change the factual support for the cause of action. It just substitutes Kevin Harris, the tax assessor for the City as the defendant in that claim.

Radspieler seeks leave to file a Reply to Response to Motion for Leave to File First Amended Complaint to expand upon, and place in context, the above points and others that will be determinative in the Court's decision on the motion.

Radspieler proposes to file the Reply within 7 days after the Court grants leave to file it.[1]

---

[1] Last week, Radspieler's counsel was engaged in responding to Defendants' discovery responses. Otherwise, counsel would have filed this motion for leave sooner.

## **RELIEF REQUESTED**

Radspieler asks the Court to:

A. Grant leave for him to file a Reply to Response to Motion for Leave to File First Amended Complaint within seven days after the Court grants such leave.

B. Grant such other relief as the Court deems fair and just.

                Respectfully submitted,

                By /s/ Robert L. Levi
                Robert L. Levi
                Robert L. Levi, P.C.
                4125 Cumberland Court
                Commerce Township, MI 48390
                robert@robertlevilaw.com
                248-366-4412
                State of Michigan Bar No. 42598

Date: February 7, 2021